IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONARDO DELGADO, on behalf of himself and all other similarly situated persons, known and unknown,<br>Plaintiff<br>v.<br>ROADCO TRANSPORTATION SERVICES INC., and PAUL R. ADELMAN, individually,<br>Defendants | Jury Demanded on all claims |

## COMPLAINT

NOW COMES, Leonardo Delgado, on behalf of himself all other similarly situated persons, known and unknown ("Plaintiff"), through Counsel, and for this Complaint against RoadCo Transportation Services, Inc. and Paul R. Adelman, individually, ("Defendants"), states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a workweek.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiff and other similarly situated employees their earned and living wages.

4. Plaintiffs' FLSA collective action consent forms are attached hereto as Exhibit A.

5. Copies of Plaintiff's paystubs are attached hereto as Exhibit B.

## JURISDICTION AND VENUE

6. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's Illinois statutory claims is invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiffs' claims occurred within this judicial district.

## THE PARTIES
### Plaintiffs

8. Plaintiff resides in, is domiciled in, and was employed by Defendants in this judicial district.

9. During the course of his employment, Plaintiff handled goods that moved or that were intended to move in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 et seq., the IMWL, 820 ILCS 105/1 et seq., and the IWPCA, 820 ILCS §115/1 et seq.

### Defendants

10. Defendant RoadCo Transportation Services, Inc. is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant RoadCo Transportation Services, Inc. has at least two (2) or more employees who may have handled goods which have moved in interstate commerce.

12. Defendant RoadCo Transportation Services, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

13. Defendant Paul R. Adelman is the owner of RoadCo Transportation Services, Inc. and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Paul R. Adelman was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Upon information and belief, Defendant Paul R. Adelman resides and is domiciled in this judicial district.

## FACTS

16. Plaintiff Leonardo Degaldo worked for Defendants from November 2004 to March 2014 at the address commonly known as 3417 South Cicero Avenue, Cicero, Illinois 60804.

17. Plaintiff works as dispatcher for Defendant RoadCo Transportation Services, Inc.

18. Plaintiff worked six (6) days per week during hours set by Defendants.

19. Plaintiff works approximately sixty-six (66) hours per week.

20. Defendants paid Plaintiff with a company check.

21. Plaintiff's wages are not based on the number of jobs performed or completed, nor is it based on the quality or efficiency of their performance.

22. Defendants do not keep proper records of hours Plaintiff worked.

23. Neither Plaintiff nor the class members are exempt from the overtime provisions of the FLSA and the IMWL.

24. Defendants failed to pay Plaintiff or the class members a rate not less than one and a half (1.5) times their regular hourly rate at which they were employed when they worked over forty (40) hours in a given workweek.

## CLASS AND COLLECTIVE ALLEGATIONS

25. Plaintiff brings Counts I of this Complaint as a collective action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(c).

26. Plaintiff will seek to certify, as a class action pursuant to Fed. R. Civ. P. Rule 23, the state law claims for Illinois mandated overtime wages arising under the IMWL. Plaintiff will ask this Honorable Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the Class.

27. Plaintiff brings Count II of this Complaint as a class action pursuant to Fed. R. Civ. P. Rule 23 because:

   A. The class of current and former employees of Defendants that Plaintiff seeks to represent is so numerous that joinder of all class members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants employed more individuals in Illinois during the IMWL Class Periods.

   B. The class representatives and the class members have been equally affected by Defendants' failure to pay overtime wages.

   C. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

D. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation, whether:

  i. Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

E. The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the class members, this Honorable Court, and Defendants. Accordingly, a class action is necessary for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

F. The Defendants' books and records are material to Plaintiff's action because they may disclose certain information about the hours worked by each employee and the rate of pay for that work.

G. Defendants violated the IMWL and the FLSA by refusing to compensate Plaintiff and the members of the class in a manner consistent with the overtime provisions of these laws.

28. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

29. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

30. Plaintiff and the other similarly situated persons were directed by Defendants to work, and did work, in excess of forty (40) hours per week.

31. Defendants did not compensate Plaintiff and other similarly situated persons at a rate of at least one and one-half (1.5) times his regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

32. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

33. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the other similarly situated persons respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Overtime Wages

34. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

35. This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

36. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

37. The class of employees was likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

38. Plaintiff and the class of employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants did not pay Plaintiff, and the class of employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

40. Defendants violated the IMWL by failing to pay Plaintiff, and the class of employees, overtime wages for all hours worked in excess of forty (40) hours in individual work weeks.

41. Pursuant to 820 ILCS 105/12(a), Plaintiff and the class of employees are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

42. The Class that Plaintiff seeks to represent is regards to their IMWL claim against Defendants is composed of and defined as all persons who have been employed by Defendants since June 2011 and not properly compensated their overtime wages during that period.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23;

B. Enter a judgment in the amount of overtime wages due to Plaintiff and the Class as provided by the IMWL;

C. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

D. Declare that Defendants have violated the IMWL;

E. Enjoin Defendants from violating the IMWL;

F. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

G. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

s/Raisa Alicea
Raisa Alicea, Esq.
One of the Attorneys for Plaintiffs

**CONSUMER LAW GROUP**, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
PHONE: 312-878-1302
FAX: 888-270-8983
E-MAIL: ralicea@yourclg.com