UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONARDO DELGADO, on behalf of himself and all other similarly situated persons, known and unknown, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 14 C 4429<br>) |
| ROADCO TRANSPORTATION SERVICES, INC., and PAUL R. ADELMAN, individually, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter comes before the Court on Defendants Roadco Transportation Services, Inc. ("Roadco") and Paul R. Adelman's ("Adelman") (collectively, "Defendants") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56") against Plaintiff Leonardo Delgado ("Delgado"). For the following reasons, the motion is denied.

## BACKGROUND

The following facts taken from the record are undisputed, except where otherwise noted. Adelman owns Roadco, (Dkt. 33 at 1), a transportation and service company, (Dkt. 34, Pltf. Ex. B at 10), and Delgado began working for Roadco in November of 2004. (Dkt. 33 at 2-3). The parties disagree on when Delgado stopped

working for Defendants. While employed by Defendants, Delgado worked as a loader, a spotter, and a dispatcher. As a loader, Delgado used a forklift to load and unload the trucks departing from or arriving at Defendants' yard. (Dkt. 33 at 4). As a spotter, he provided instructions to drivers on where to go on the dock, while occasionally driving the trucks inside the yard. (Dkt. 32 at 5; Dkt. 33 at 5). In June of 2012, Delgado began working as a dispatcher, but also continued to work as a loader and a spotter. (Dkt. 34, Pltf. Ex. A at 1-2). As a dispatcher, Delgado was paid a salary, rather than an hourly rate. (Dkt. 33 at 4).

In June of 2014, Delgado filed a complaint alleging Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*, ("IMWL"), when Defendants failed to pay him overtime wages for the hours he worked in excess of forty hours a week. (Dkt. 33 at 2). Although the complaint was filed on behalf of Delgado and all other similarly situated persons, known and unknown, Delgado is seeking payment of overtime wages for only himself. (Dkt. 33 at 2). Defendants filed a motion for summary judgment pursuant to Rule 56 arguing that there is no genuine issue of material fact as to whether Delgado's claim is exempt from the FLSA's overtime provisions under either the Motor Carrier Act, 49 U.S.C. § 13501, ("MCA") or the executive exemption to the FLSA, 29 U.S.C. § 213(a)(1). To the contrary, Delgado claims he is not exempt from the FLSA or the IMWL. Specifically, the parties dispute whether Delgado's work as a loader and a spotter directly affected "the safety

of operating motor vehicles on public highways in transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act," 29 C.F.R. § 782.2(b)(2), which is partly determinative of these exemptions.

**LEGAL STANDARD**

Summary judgment is appropriate when the movant establishes that "there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact arises where a reasonable jury could find, based on the evidence of record, in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A motion for summary judgment requires the Court to construe all facts and to draw all reasonable inferences in favor of the non-movant. *Id.* at 255.

Northern District of Illinois Local Rule 56.1 requires the "party moving for summary judgment to include with that motion 'a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgement as a matter of law.'" *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (quoting N.D. Ill. R. 56.1(a)(3)). The movant bears the initial burden of establishing that no genuine issue of material fact exists. *Genova v. Kellogg*, 12 C 3105, 2015 WL 3930351, at *3 (N.D. Ill. June 25, 2015). "The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the movant bears the burden of proof at trial." *Id.* The non-moving party must respond to the movant's Local Rule 56.1(a)(3)

statement and may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits. N.D. Ill. R. 56.1(b); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-movant must go beyond the pleadings and support his contentions with documentary evidence of specific facts that demonstrate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

## DISCUSSION

The FLSA requires an employer to pay an employee that is "engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce," one and one-half times the regular rate for any hours an employee works in excess of forty hours a week. 29 U.S.C. § 207(a)(1). Under the IMWL, an employee must be compensated one and one-half times the regular rate of pay for any hours worked in excess of forty hours a week in a given workweek. 820 ILCS 105/4a(1). Delgado claims that pursuant to the FLSA and the IMWL Defendants were required to pay him overtime wages for the hours he worked in excess of forty hours a week. Defendants argue that Delgado's claim for overtime wages is exempt under either the MCA exemption to the FLSA or the executive exemption to the FLSA. Defendants assert that there is no genuine issue of material fact as to whether Delgado's overtime claim is exempt from the FLSA. However, Defendants do not address Delgado's allegations that he is also entitled to overtime pay pursuant to the IMWL. As explained below, because the IMWL contains exemptions that are analogous to the FLSA exemptions at

issue, the Court's analysis of Delgado's FLSA claim can also be applied to Delgado's IMWL claim.

**I. Delgado's Declaration**

As an initial matter, the Court must address Defendants' argument that Delgado's declaration contradicts his prior deposition testimony and, therefore, should be stricken. A plaintiff's statements submitted by affidavit or by declaration which contradict the plaintiff's prior deposition testimony can be excluded as "a sham designed to thwart the purposes of summary judgment," *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 571 (7th Cir. 2015), only when "the witness has given 'clear answers to unambiguous questions which negate the existence of any genuine issue of material fact.'" *Id.* at 572 (quoting *Van T. Junkins & Assocs., Inc. v. United States Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984)). During his deposition, Delgado was asked to describe "what a spotter is and what a spotter does." In response Delgado explained, ". . . if we needed a trailer on the dock the spotter says[,] '[h]ere, come over here,' and tells the trailer where to go on the dock . . . if we might need an empty trailer which—to load up with product we might tell the trailer to come over." (Dkt. 29, Pltf. Dep. at 9-10). According to Defendants, these statements contradict Delgado's declarations that he "never directed the work of any employee" and that "he received safety and loading instructions [ ] on a piece of paper from Danny Carr." (Dkt. 34, Pltf. Ex. A at 1-2).

Here, Delgado admitted at his deposition that as a spotter he tells trailers where to go on the dock. Delgado also makes similar statements in his memorandum of law in opposition to the motion for summary judgment. (Dkt. 32 at 6). Contrary to Defendants' argument, these are not clear admissions that negate a genuine issue regarding whether Delgado "directed the work of any employee." There is no indication from the record that Delgado was providing instructions or directions to the individuals driving the trailers on how to conduct their work. At most, Delgado's deposition indicates that he told trailers where they could park. Defendants further contend that when Delgado operated the forklift he had the "inherent responsibility of directing the person loading the product on the pallet to do so properly and securely." (Dkt. 35, Def. L.R. 56.1(a)(3)(B) at ¶¶ 4, 8). As such, Defendants argue, Delgado's declaration that he never directed the work of any employee contradicts the "inherent" responsibilities he had as a loader. This argument is again unavailing because there are no facts to suggest that Delgado was providing instructions, directions, or orders to others regarding how to conduct their work.

In another statement included in Delgado's declaration, he states that Danny Carr provided him with a piece of paper which contained safety and loading instructions. Defendants' argument that the Court should strike this particular declaration because Delgado never testified to this during his deposition is unpersuasive, as Delgado was never asked about any instructions he was provided regarding safety or loading at his deposition. Thus, this statement does "not

contradict any specific testimony in [Delgado's] deposition." *See Castro*, 786 F.3d at 571 (stating that "[t]he first problem for DeVry's argument is that Florez was not asked whether he had described *all* the inaccuracies with the written statement. Without that question having been asked and answered to ensure that his deposition testimony exhausted his memory of the subject, his later declaration identifying other inaccuracies simply did not contradict any specific testimony in his deposition."). Any contradictions between Delgado's deposition testimony and the declaration he submitted do not create a reasonable inference that the declaration was a "sham designed to thwart the purposes of summary judgment." *See id*. Accordingly, Defendants' request to strike Delgado's Declaration is denied.

**II. Motor Carrier Exemption:**

"Pursuant to 49 U.S.C. § 31502, the MCA exemption applies to transportation as set forth in 49 U.S.C. §§ 13501 and 13502, which provide that the Secretary of Transportation may" propose requirements for "qualifications and maximum hours of service for 'motor carriers' and 'private carriers' when needed to promote the safety of operations." *Collins v. Heritage Wine Cellars, Ltd.*, No. 07-CV-1246, 2008 WL 5423550, at *10 (N.D. Ill. Dec. 29, 2008). Pursuant to the applicable Department of Labor regulation, the MCA exemption applies:

> to those employees and those only whose work involves engagement in activities consisting wholly or in part of a class of work which is defined: (i) As that of a driver, driver's helper, loader, or mechanic, and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in

7

> transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act.

29 C.F.R. Section 782.2(b)(2); *see also Collins*, 2008 WL 5423550, at *10. "'Exemptions [to the FLSA] are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakable within their terms and spirit.'" *Collins*, 2008 WL 5423550, at *10 (quoting *Arnold v. Ben Kankowsky, Inc.*, 361 U.S. 388, 392 (1960)). To determine whether an employee's work is exempt by the MCA, a court must consider "the character of the activities involved in the performance of [the] job," rather than the name given to the employee's position or the name given to the type of work performed. 29 C.F.R. Section 782.2(b)(2).

### *A. Loader*

The parties agree that while employed, Delgado worked as a loader and as a spotter. However, the parties dispute whether Delgado's work as both a loader and a spotter directly affected "the safety of operation of motor vehicles on public highways in interstate or foreign commerce . . .". According to Defendants, Delgado's use of a forklift to load and unload freight "'plainly and unmistakably' affect[s] the safety of operation of motor vehicles in transportation on public highways in interstate or foreign commerce." (Dkt. 31 at 4). Therefore, Delgado's work as a loader is exempt from the FLSA. Delgado disagrees, arguing that Defendants cannot satisfy the second prong of the MCA exemption, because as a loader Delgado was not involved in

determining how to *safely* load trucks or in deciding whether trucks were safe to drive. (Dkt. 32 at 4-5). Delgado further contends that as articulated by Defendant Adelman in his deposition, there was a specific process for loading multi-stop loads and single stop loads. (Dkt. 34, Pltf. Ex. B at 27). Thus, Delgado did not use his own discretion or judgment to determine how to safely load products on to the trucks. In response, Defendants explain that Defendant Adelman's statements were not instructions for loading trucks, but rather an explanation for how the trucks "should be loaded in accordance with the particular stop – e.g. 'load this one first, this one second, this one-third, this one fourth, that kind of thing.'" (Dkt. 35, Def. L.R. 56.1(a)(3)(B) at ¶ 3).

Despite Defendants' claim that there is no genuine issue of material fact as to whether or not Delgado's overtime wage claim is exempt from the FLSA pursuant to the MCA exemption, it is unclear from the record that Delgado's work as a loader directly affected the safety operation of motor vehicles in transit on public highways in interstate or foreign commerce. Thus, Defendants' motion for summary judgment on this ground is denied.[1]

*B. Spotter*

Similar to Defendant's argument regarding Delgado's work as a loader, Defendants assert that as a spotter Delgado directly impacted the safety of operation

---

[1] Although Defendants have not moved for summary judgment as to Delgado's claim that Defendants violated the IMWL, because the IMWL tracks the FLSA and contains an analogous exemption, the same result would follow for Delgado's IMWL claim. *See Edwards v. Aramark Unif. & Career Apparel, LLC*, No. 14 C 8482, 2016 WL 236241, at *13 (N.D. Ill. Jan. 19, 2016).

of motor vehicles transporting goods in interstate or foreign commerce. Therefore, Defendants argue, Delgado's work as a spotter is also exempt under the MCA. Delgado contends that as a spotter his only responsibilities were to tell trailers where to go on the dock and to drive the truck inside the yard. (Dkt. 32 at 6). The parties do not dispute that as a spotter Delgado would tell drivers of trucks and trailers, "'[h]ere, come over here' and tell[ ] the trailer where to go on the dock." (Dkt. 33, Pltf. L.R. 56.1(a)(3)(B) at 5). Although this fact is undisputed, it provides the Court with no insight as to whether or not Delgado's work as a spotter directly affected the safety of operation of Defendants' trucks and trailers. As the moving party, Defendants were required to establish "that there [was] no genuine dispute as to any material fact" and that Defendants are "entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). In the instant matter, Defendants fail to establish that there is no genuine dispute as to whether Delgado's work as a spotter directly impacted the safety of operation of motor vehicles in interstate or foreign commerce. Thus, the Court cannot conclude that the MCA exemption is applicable to Delgado's work as a spotter. Accordingly, the motion for summary judgment is denied on this ground as there is a genuine issue of material fact that cannot be answered based solely on the evidentiary material set forth by Defendants.[2]

---

[2] Again, because the IMWL tracks the FLSA and the IMWL contains an exemption that is analogous to the MCA exemption to the FLSA, the same result follows under the IMWL. *See supra* note 1.

**III. Executive Exemption**

Pursuant to 29 U.S.C. § 213(a)(1) of the FLSA, employees who work "in a bona fide executive, administrative, or professional capacity" are exempt from receiving overtime wages. An employer can demonstrate that the executive exemption applies to an employee by satisfying the Long Test or the Short test as described by the Department of Labor regulations. *Harper v. Wilson*, 302 F.Supp.2d 873, 880 (N.D. Ill. 2004). Here, Defendants rely on the Short Test to attempt to establish that the executive exemption applies to Delgado.

To satisfy the Short Test, Defendants must establish that Delgado was: (i) compensated on a salary basis of $250.00 or more per week; (ii) his primary duty was management "of the enterprise" or "of a customarily recognized department or subdivision[;]" *and* (iii) he customarily and regularly directed two or more employees. *See id*. at 880-81. Starting in August of 2012, Delgado was paid $1,200.00 every two weeks. (Dkt. 31 at 5). Defendants argue that this alone is sufficient to establish that under the Short Test the executive exemption is applicable to Delgado. However, this argument must fail as Defendants have not satisfied the second and third prongs of the Short Test.

In the instant matter, Defendants do not dispute that Delgado was never a manager, that he had no authority to hire or fire employees, and that he had no authority "to make suggestions and recommendations" regarding hiring, firing, or promotions. (Dkt. 35, Def. LR 56.1(a)(3)(B) ¶¶ 7, 9, 10). Defendants not only fail to

11

dispute these facts, but they also have not provided any details which demonstrate that Delgado held a position where his primary duty involved "management of the enterprise" or management of "a customarily recognized department or subdivision," *and* that he customarily and regularly directed two or more employees. Thus, Defendants cannot satisfy the Short Test. Accordingly, Delgado is not exempt from the FLSA's overtime provisions under the executive exemption.[3]

## CONCLUSION

For the aforementioned reasons, the motion for summary judgment is denied. It is so ordered.

_____

Charles P. Kocoras
United States District Judge

Dated: 1/ 29/2016

---

[3] Once again, the result would be the same under the IMWL. *See* 820 ILCS 105/4a(2)(E); *see also Strait v. Belcan Eng'g Grp., Inc.*, 911 F.Supp.2d 709, 735 (N.D. Ill. 2012); and *supra* note 1.