**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LEONARDO DELGADO, on behalf of himself and all other similarly situated persons, known and unknown, Plaintiff  v. ROADCO TRANSPORTATION SERVICES INC., and PAUL R. ADELMAN, individually, Defendants | Case No. 14-cv-4429  Judge Kocoras |

**PLAINTIFF'S MOTION TO ENFORCE AND FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Leonardo Delgado, through counsel, submits his Motion to Enforce the Settlement Agreement and in support of this motion, states:

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for defendants' failure to pay plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week.

2. The parties reached an agreement to settle the case and the parties' counsel drafted a settlement agreement.

3. Plaintiff signed the settlement agreement. The terms of settlement are contained in the settlement agreement, which plaintiff has served upon the Court contemporaneously with this Motion for an *in camera* review. *See* Exhibit A

4. On August 8, 2016, plaintiff's counsel e-mailed defendants' counsel, Mr. Frederic C. Goodwill, the signed settlement agreement. *See* Exhibit B.

5. On July 28, 2016, plaintiff's counsel filed a motion for extension of time to reinstate. [Docket No. 40].

6. The court granted plaintiff's motion and the case was dismissed without prejudice, with the dismissal automatically converting to a dismissal with prejudice on December 31, 2016.

7. Per the terms of the settlement agreement, defendant's first payment was due within fourteen (14) days of plaintiff signing the settlement agreement.

8. Thus, defendant's initial payment was due on August 22, 2016.

9. On August 29, 2016, plaintiff's counsel e-mailed defendants' counsel inquiring about the overdue settlement payment. Defendants' counsel responded that he would get defendants' signature and have them cut the check asap. *See* Exhibit B.

10. However, as of this date, no settlement payments have been received.

11. There is a binding settlement agreement. Settlement agreements, whether oral or written, are contracts, and their construction and enforcement are governed by basic contract principles under applicable state contract law. *Gutta v. Standard Select Trust Insurance Plans*, 530 F.3d 614, 617 (7th Cir.2008); *Wilson v. Wilson*, 46 F.3d 660, 666 (7th Cir.1995); *Dillard v. Starcon International, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007). For a settlement agreement to be enforceable under Illinois contract law, which governs here, there must be an offer, acceptance, and a "meeting of the minds" as to the material terms of the agreement. *Petrich v. MCY Music World, Inc.*, 371 Ill.App.3d 332, 345, 862 N.E.2d 1171 (1st Dist.2007).

WHEREFORE, plaintiff respectfully requests that this Court enter an Order enforcing the parties' settlement agreement, ordering defendants to pay the first overdue payment within seven (7) days of the entry of an Order, and to make the subsequent settlement payments in accordance with the terms of the settlement agreement.

Respectfully submitted,

**s/ Raisa Alicea**
Raisa Alicea

Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-800-1017
ralicea@yourclg.com

One of Plaintiff's attorneys

3